CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 6, 2026**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EXCELLENT CUSTOM HOMES LLC, | § | CASE NO. 25-43249-elm7 |
| | § | |
| DEBTOR. | § | |

## ORDER APPROVING SALE OF REAL ESTATE FREE AND CLEAR OF INTERESTS

On this date, the Court considered the _Trustee's Motion to Approve Sale of Real Estate Free and Clear of Interests_ (Dkt. No. 35, the **"Motion"**) filed by Roddrick B. Newhouse (the "**Trustee**"), the chapter 7 trustee for Excellent Custom Homes LLC (the "**Debtor**"). After reviewing the record and noting that no objections were filed, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.  No timely response or objection was filed to the Motion.

3.      On August 29, 2025, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code.  The Trustee was appointed as the chapter 7 trustee, and he continues to serve in that capacity.

4.      The Debtor's bankruptcy estate includes two tracts of undeveloped land located at 2434 & 2444 S. 23rd St., Waco, TX (together, the "**Subject Property**"). The legal description of the Subject Property is:

Tract 1:  Being Lot 1, Block 1, Russ Tom Addition, an Addition to the City of Waco, McLennan County, Texas, according to the plat thereof recorded in Volume 48, Page 212, of the Deed Records of McLennan County, Texas.

Tract 2:  Being Lot 2, Block 1, Russ Tom Addition, an Addition to the City of Waco, McLennan County, Texas, according to the plat thereof recorded in Volume 48, Page 212, of the Deed Records of McLennan County, Texas.

5.      The Subject Property is encumbered by statutory liens for *ad valorem* property taxes and a mortgage lien held by PlainsCapital Bank (the "**Mortgage**").

6.      The Trustee filed the Motion requesting authority to sell the Subject Property to Umoja A. Gibson, Jr., 809 E. Mitchell, Waco, TX  76704 (the "**Buyer**"), "as is," with no representations or warranties of any kind, and free and clear of all interests (except for 2026 *ad valorem* property taxes, which will remain the obligation of the Buyer) under 11 U.S.C. § 363(b) and (f).

7.      The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell the Subject Property to the Buyer as proposed in the Motion.  Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

8. The standards of section 363(f) are satisfied in this case to allow the Trustee's sale of the Subject Property to the Buyer as proposed in the Motion to be made free and clear of all interests (except for statutory liens securing 2026 *ad valorem* property taxes, which will remain the obligation of the Buyer).

9. This Court finds that the Buyer is purchasing the Subject Property in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.

IT IS THEREFORE ORDERED as follows:

a. the Trustee shall be and hereby is authorized to sell the Subject Property to the Buyer for a gross sale price of $120,000.00 (the **"Purchase Price"**) in cash due at closing, "as is," with no representations or warranties of any kind, and free and clear of all interests (except for property tax liens for 2026 *ad valorem* property taxes) under 11 U.S.C. § 363(b) and (f);

b. the Trustee shall be and hereby is authorized to grant the Buyer a credit toward the Purchase Price to *pro rate* 2026 *ad valorem* property taxes on the Subject Property as of the closing date;

c. the Trustee shall be and hereby is authorized to pay in full all *ad valorem* property taxes on the Subject Property for years 2025 and earlier years from the proceeds of sale at closing;

d. the Trustee shall be and hereby is authorized to pay the Mortgage in full from the proceeds of sale at closing;

e. the Trustee shall be and hereby is authorized to pay in full all necessary and reasonable seller's closing costs related to the sale of the Subject Property from the proceeds of sale at closing;

f.      the Trustee shall be and hereby is authorized to pay real estate commissions totaling five percent of the Purchase Price (two percent to the Trustee's agent, Trinity Group Realty, plus three percent to the Buyer's agent) from the proceeds of sale at closing;

g.      the Trustee shall be and hereby is authorized to split the remaining proceeds with PlainsCapital Bank, with PlainsCapital Bank receiving 25% of the remaining proceeds from the proceeds of sale at closing and the Trustee retaining 75% of the remaining proceeds from the sale as unencumbered funds in the Debtor's bankruptcy estate;

h.      the Buyer is determined to be purchasing the Subject Property in "good faith" within the meaning of section 363(m) of the Bankruptcy Code;

i.      the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) does not apply to this Order and the Trustee may close the sale of the Subject Property immediately upon entry of this Order;

j.      the Trustee shall be and hereby is authorized to do all things and execute all documents necessary to close the sale of the Subject Property on the terms approved in this Order;

k.      in the event the Trustee receives another offer to purchase the Subject Property after filing the Motion, to sell the Subject Property to any third party for an amount equal to or exceeding the proposed Purchase Price on the same terms approved in this Order (except that the real estate commissions may be changed, not to exceed a total of six percent combined for the Seller's agent and the new buyer's agent), without further motion, notice, hearing, or order of this Court.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
Dean M. Smith

Quilling, Selander, Lownds,
    Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEY FOR THE TRUSTEE